Per Curiam.
Respondent was admitted to practice by this Court in 2004. He was previously admitted to practice in Louisiana in 1993 and in Texas in 2002, where he formerly maintained an office for the practice of law.
By order filed February 16, 2016, the Supreme Court of Texas granted respondent’s motion for acceptance of his resignation in lieu of discipline, deemed the professional misconduct set forth in the responsive papers of the Texas Commission for Lawyer Discipline (hereinafter the Commission) to have been conclusively established and determined that acceptance of respondent’s resignation was in the best interest of the public and the profession; accordingly, the Court canceled respondent’s law license and ordered him to pay restitution. As a result of the discipline imposed in Texas, respondent was *1197 subsequently disbarred by the Board of Immigration Appeals, including within the Immigration Courts and the Department of Homeland Security, and by the Supreme Court of Louisiana. Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for an order imposing discipline in this state by reason of the discipline imposed in these other jurisdictions (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Respondent opposes AGC’s motion and contends that he was deprived of due process in the Texas disciplinary proceedings, that there was an infirmity of proof establishing the misconduct in Texas and that the misconduct for which he was disciplined in Texas does not constitute misconduct in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1]-[3]), to which opposition AGC has replied.
Upon consideration of the facts, circumstances and record before us, and having heard respondent at oral argument, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Contrary to respondent’s assertion, he failed to demonstrate that he was coerced into resigning from the Texas bar in lieu of discipline or that there was infirmity of proof establishing the underlying misconduct. We agree with the Supreme Court of Texas that, in light of respondent’s voluntary resignation in lieu of discipline and his subsequent waiver of his right to withdraw his motion seeking that Court’s acceptance of same, the professional misconduct detailed in the Commission’s responsive papers was deemed to have been established.
We similarly find to be without merit respondent’s contention that his use of flat-fee agreements with his Texas clients would not have constituted professional misconduct in this state. Contrary to respondent’s assertion, an attorney may not charge or collect a nonrefundable retainer fee (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [4]). Moreover, although an attorney may enter into a retainer agreement with a client that provides for a reasonable minimum fee, the agreement must define and set forth the circumstances under which such a fee may be incurred and detail exactly how it will be calculated (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [d] [4]). Respondent failed to provide any retainer agreement or letter of engagement that he entered into with his Texas clients in relation to the underlying disciplinary charges wherein he detailed *1198 how such a flat fee would be incurred and how it would be calculated. Accordingly, we find respondent’s claims to be unpersuasive and grant AGC’s motion.
Turning to the appropriate discipline to be imposed, we find that respondent’s Texas resignation was tantamount to a disciplinary resignation in this state (see Matter of Calisi, 119 AD3d 1317, 1317 [2014]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10). In further aggravation, we note that, despite his February 2016 resignation in Texas and his April 2016 suspension by the Board of Immigration Appeals, respondent, in apparent reliance on his license to practice law in this state, nevertheless filed a notice of appearance form before the United States Citizenship and Immigration Services in May 2016 wherein he certified, under penalty of perjury, that he was not subject to any order of a court or administrative agency restricting his ability to practice law — a clear violation of the Rules of Professional Conduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 3.3 [a] [1]; 8.4 [c], [d]). Moreover, respondent failed to notify this Court of his Texas resignation or his subsequent disbarment by the Supreme Court of Louisiana and the Board of Immigration Appeals (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). He is also delinquent in the payment of his biennial registration fees for the last two reporting periods (see Judiciary Law § 468-a). Accordingly, in consideration of the facts and circumstances presented, the discipline imposed in Texas, Louisiana and by the Board of Immigration Appeals, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent should be disbarred in this state (see generally Matter of Calisi, 119 AD3d at 1317; Matter of Rothenberg, 116 AD3d 1334, 1334 [2014]; Matter of Goodhart, 56 AD3d 889, 890 [2008]).
McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ., concur.
Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its *1199 application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).